JONES, JUDGE:
The claimant, James P. Foster, doing business as Western Virginia Domolition Company, seeks payment for part of his charges for the demolition and removal of a two-story frame building situate at 1001-14th Street, in the City of Parkersburg. He testified that he entered into an oral agreement with the City of Parkersburg and A. James Manchin, Director of the Rehabilitation Environmental Action Program, commonly known as REAP, a section of the respondent, Department of Highways, to demolish and remove said building for the total sum of $1,497.00, based on estimates of $499.00 for tearing down the house, $499.00 for removing trees and $499.00 for hauling dirt and leveling the work area. According to the claimant the City and REAP were to pay one-half of the bill or $748.50 each. REAP also furnished a loader which the claimant brought to the site from the State Penitentiary at Moundsville. After the work was finished the City of Parkersburg paid $499.00 for the dirt and $499.00 for the trees, a total of $998.00, leaving a balance due of $499.00. However, the claim filed is in the amount of $687.00, including non-allowable telephone charges and collection costs.
There is some indication in the testimony that the building and land were delinqufent for the non-payment of taxes, but we find nothing to show that the State had any légal title to the property, that there was any obstruction to a state highway, or any other reason why the State should join in the demolition project, except as the removal of an eyesore might promote the public welfare.
*163 The claimant was the only witness in this case, and the Court is of opinion that a valid, enforceable contract with the respondent has not been proved. No witness was called by the claimant to establish any right or authority of the Director of REAP to commit the respondent to pay the claimant the sums sought to be recovered. While the Director was quoted as recommending payment of the claim, he was not subpoenaed as a witness. Counsel for the respondent admitted that the work was done in a satisfactory manner, and that presumably he was entitled to be paid for it. However, the State’s attorney was not able to enlighten the Court on the questions pertaining to the contract or any statutory authority for REAP’s participation therein, and could not point out any benefit or enrichment inuring to the State.
The claimant was not represented by counsel, and the Court is apprehensive that there may be valid grounds for an award in this case which have not been properly developed. Therefore, while the Court will not make an award in the present posture of this case, we would be constrained to leniency in the granting of a rehearing upon a proper showing of cause.
Claim disallowed.